Milligan,. J.,
delivered the opinion of the court:
Alfred Austell, a citizen of the State of Georgia, aud resident of the city of Atlanta, claims by his action the net proceeds of fifty-two bales of cotton, which he alleges was seized in Atlanta by the United States military forces soon after the capture of that city in 1864; and the court find the facts to be—
1. In May, 1864, the claimant purchased fifty-two bales of cotton from Z. A. Eice, which was paid for aud delivered at the date of purchase.
2. The cotton was stored in Rice’s barn, on the outskirts of the city of Atlanta.
3. On the 14th of September, 1864, this cotton was turned over to the United States military authorities, as appears from the following certificate:
“ Office of Chief Quartermaster
“ TweNtibth Army Corps, D. C.,
“ Atlanta, Georgia, September 16, 1864.
u This will certify that, on the 14th of September, Alfred Austell, citizen of Atlanta, Georgia, applied to me for wagons to bring in his cotton from Rice’s barn, iu the outskirts of the city of Atlanta.
u I detailed twenty wagons for that purpose, and brought in fifty-two bales of cotton in good shipping order aud delivered the same to Captain E. Hade, assistant quartermaster, the *601 depot officer in charge of such property. Forty-eight bales were delivered ou the 14th and four bales on the 15th September, 1864.
“WM. G. LE DUO,
“ Lieutenant-Colonel and A. Q. 31., Twentieth Army Corps.”
4.On the same day the foregoing receipt bears date, Captain E. Hade executed the following receipt:
“ Office of Assistant Quartermaster,
“Atlanta, Georgia, September 16, 1864.
“I certify that I have this day taken possession of the following property, for and in behalf of the United States, for Government purposes. Said property was found in the city of Atlanta immediately after the capture by the United States forces. Said property is claimed to belong to A. Austell, a citizen of Atlanta, viz, fifty-two bales of cotton, marked A, weighing 24,611 pounds, and will be found duly accounted for on my return of quartermaster stores for the month of September, 1864. No payment has been made or tendered for said property.
“E. HADE,
“ Captain and Assistant Quartermaster.”
5. Captain Hade appears to have taken up this amount of cotton on his property returns for the month of September, 1864, when it is entered in his “Abstract of articles received from various sources at Atlanta, Georgia,” under date of September I65 1864; number of invoices, 4, and pounds of cotton, 24,611.
6. The cotton in question vras transferred in hoteh-potoh to Captain S. B. Brown, assistant quartermaster in charge of military railroad transportation, and by him, with other cotton coming into his hands, shipped to Nashville, Tennessee, and there turned over to Captain C. A. Fuller, assistant special agent of the Treasury.
After the cotton was commingled with other cotton in Georgia it is impossible to trace its identity, further than to say it went forward with other captured and abandoned cotton to Cincinnati and was there sold, and the proceeds, constituting a part of what was found in Price’s Case to be the “ fifth fund,” paid into the Treasury.
*602 7. The “ fifth fund,” as ascertained with great care and labor in Price's Case, was made up of five hundred and seventeen bales of Atlanta cotton, which are represented by $123,148.38 in the Treasury; making an average per bale of $238.19.
8. The court therefore find, as ultimate facts, that fifty-two bales of the claimant’s cotton were captured, sold in Cincinnati, and the net proceeds thereof, amounting to $238.19 per bale, placed in the Treasury.
9. The claimant was opposed to secession from the beginning, aud bore true allegiance to the Government of the United States, and gave no aid or comfort to the rebellion, unless the following facts constituted aid aud'comfort, that is to say: In the latter part of 1881 the governor of the State of Georgia made a requisition on the Bank of Fulton at Atlanta, of which the claimant was cashier, for $100,000 in the bills of-the bank, to be replaced by Georgia treasury notes when issued. The requisition was responded to and the money furnished, but claimant is shown to have been bitterly opposed to the act, and never ceased to condemn it.
In June, 1863, he aud others entered into the following agreement:
“ ATLANTA, Georgia, June 6,1863.
“Whereas Alfred Austell, V. K. Stephenson, T. W. Evans, and E. W. Holland, all of the city of Atlanta, Georgia, having associated themselves together for the purpose of running the blockade, shipping cotton from any of the ports of the Confederate States, and bringing in return cargoes of such articles as may suit the wants of our people, and to trade under the name and style of Austell, Evans & Co.; and whereas said Austell, Evans & Co. having obtained a special permit from the different departments of the confederate government to thus run the blockade, they have thought proper to appoint aud constitute Mr. G. Beringer, of this city, their agent, to proceed and go to Nassau or elsewhere, as his judgment may dictate, and make all necessary arrangements to bring a cargo or cargoes of goods into any of the confederate ports, then and there to be paid for in cotton at such prices as our agent, Mr. G. Beringer, may agree upon. In consideration of the services performed by Mr. G. Beringer, as our agent, in carrying out the object of the company, it is agreed that he shall have one-fifth of all the profits made, and to share equally its losses. It is agreed that *603 we sign, two originals, one to be held by Mr. G-. Beringer and the other by the parties composing’ the firm.
But this contract, as shown by .the proof, was never carried out. After the assent of the Confederate authority was obtained to the enterprise, Beringer was started to Washington to procure, if possible, the consent of the United States before anything was attempted to be done under the agreement. He was captured on the way, and the whole project was abandoned.
10. In August, 1865, the claimant took and subscribed the oath of amnesty prescribed by the proclamation of the 8th of December, 1863. Ou the foregoing facts the court hold, as a conclusion of law, that the claimant gave no actual aid or comfort to the rebellion; and if the acts hereinbefore found as facts did in fact constitute aid and comfort to the rebellion, he was purged therefrom under the ruling of the Supreme Court in Kleirts Gone by the oath of amnesty and the proclamation of the .President of the 25th of December," 1868; and he is therefore entitled to recover the net proceeds of fifty-two bales of cotton in the Treasury, at $238.10 per bale, amounting to the sum of $12,385.88, for which judgment w'ill be entered.
JSott, J., did not sit in this case, and took no part in the decision.